THOMAS M. MCINERNEY, CA Bar No. 162055
thomas.mcinerney@ogletree.com
CAROLYN B. HALL, CA Bar No. 212311
carolyn.hall@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, PC
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendants
THE CHARLES MACHINE WORKS, INC. and
THE TORO COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE REMILLARD, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453** |
| v. | [Filed concurrently with Defendants' Civil Cover Sheet, Certification of Interested Parties or Persons, Defendants' Disclosure Statement, The Toro Company's Corporate Disclosure Statement, and Declarations of Julie Rein, Kelly Hoversten, and Carolyn B. Hall] |
| THE CHARLES MACHINE WORKS, INC.; THE TORO COMPANY; and DOES 1 through 20, inclusive, | |
| Defendants. | Complaint Filed:  March 30, 2023<br>Trial Date:        None Set |

NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTOREYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332(d), the Class Action Fairness Act ("CAFA"), 1441, 1446 and 1453, Defendants The Charles Machine Works, Inc. and The Toro Company (together, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Sonoma to the United States District Court for the Northern District of California, on the grounds that: (1) Plaintiff is a citizen of "a State different from" Defendants; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate" is more than 100. The foregoing facts were true when Plaintiff filed his Class Action Complaint, and remain true as of the filing of this Notice of Removal.

Removal jurisdiction is therefore appropriate under CAFA as alleged in detail below.

**I.      THE STATE COURT ACTION**

1.      On March 30, 2023, Plaintiff filed a Class Action Complaint in the Superior Court of California, County of Sonoma, captioned Christopher Lee Remillard, individually and on behalf of all others similarly situated v. The Charles Machine Works, Inc.; The Toro Corporation; and DOES 1 through 20, inclusive, case number SCV-272966. The Complaint purports to assert claims for: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Breaks; (5) Failure to Reimburse Business Expenses; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Pay Wages Timely During Employment; (8) Failure to Pay All Wages Due Upon Separation of Employment; and (9) Violation of Business and Professions Code §§ 17200, *et seq*. A copy of the Complaint is attached as **Exhibit A.** (Declaration of Carolyn B. Hall ["Hall Decl."]. ¶ 2.)

2.      On April 27, 2023, Plaintiff served the Complaint Packet, including Summons, Complaint, Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference and Civil Case Cover Sheet on Defendant The Charles Machine Works, Inc. (Hall Decl. ¶ 3.) On April 27, 2023, Plaintiff served the Complaint Packet, including Summons, Complaint, Notice of Assignment to One Judge for All Purposes, Notice of Case Management

Conference and Civil Case Cover Sheet on Defendant The Toro Company. (*Id*.) True and correct copies of the Complaint and the documents served on Defendants' agents for service of process are attached as **Exhibit B** to this Notice. Defendants have not been served with any pleadings, process, or orders besides those attached. (Hall Decl., ¶ 4.)

3.     On May 25, 2023, Defendant The Charles Machine Works, Inc. ("CMW") timely filed an Answer in the Action. A conformed copy of the Answer will be filed with this Court upon receipt. (Hall Decl., ¶ 5.)

4.     On May , 2023, Defendant The Toro Company ("TTC") timely filed an Answer in the Action. A conformed copy of the Answer will be filed with this Court upon receipt. (Hall Decl., ¶ 6.)

## II.    <u>REMOVAL IS TIMELY</u>

5.     Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendants' deadline to remove the Action is May 26, 2023. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 US 344, 354 (1999).  This Notice of Removal is timely.

## III.    <u>REMOVAL IS PROPER UNDER CAFA</u>

6.     Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts: 1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 1194, 1194.2 and 1197];  (2) Failure to Pay Overtime Wages [Cal. Lab. Code §§ 510, 1194, and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];  (4) Failure to Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Reimburse Business Expenses [Cal. Lab. Code §§ 2800, 2802]; (6) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; (7) Failure to Pay Wages Timely During Employment [Cal. Lab. Code §§ 204, 210]; (8) Failure to Pay All Wages Due Upon Separation of Employment [Cal. Lab. Code §§ 201, 202, and 203]; and (9) Unfair Business Practices [Cal. Bus. & Prof Code §§ 17200, *et seq*.].

7.     CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) where the matter in controversy exceeds the sum or value of

1   $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal

2   under 28 U.S.C. § 1446.

3        8.     This Court has original jurisdiction over the Action under CAFA because it is a civil

4   case filed as class action wherein at least one member of the putative class is a citizen of a State

5   different from Defendants, the number of individuals in the proposed classes in the aggregate is

6   over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

7        9.     "The Supreme Court has made clear that regardless of whether such a presumption

8   exists in run-of-the-mill diversity cases, 'no antiremoval presumption attends cases invoking

9   CAFA.'"  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Dart*

10  *Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).

11       **A.     CAFA's Diversity of Citizenship Requirement is Satisfied**

12       10.     CAFA's diversity requirement is satisfied "so long as 'any member of a class of

13  plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp*., No.

14  CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v.*

15  *IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

16       11.     At all relevant times, Plaintiff has been a resident of the State of California within

17  the meaning of 28 U.S.C. § 1332(a). (Ex. A; Complaint, ¶ 10.)

18       12.     Under 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any

19  state by which it has been incorporated and the state where it has its principal place of business."

20  The Supreme Court has established the proper test for determining a corporation's principal place

21  of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

22  The Court held that the "'principal place of business' is best read as referring to the place where a

23  corporation's officers direct, control, and coordinate the corporation's activities." *Id*. 1184.  The

24  Court further clarified that the principal place of business was the place where the corporation

25  "maintains its headquarters – provided that the headquarters is the actual center of direction,

26  control and coordination."  *Id*.; *see also, Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093

27  (9th Cir. 1990) (providing that where a corporation does business in a number of states and does

28  not conduct the substantial predominance of its business in any single one, the state where

1    corporate headquarters is located is the corporation's principal place of business).

2        13.    CMW is a corporation formed and organized under the laws of the state of

3    Oklahoma. (Declaration of Kelly Hoversten ["Hoversten Decl."] ¶ 3.) CMW's headquarters—

4    which is its principal place of business and the center of its executive and administrative

5    functions—is in Perry, Oklahoma. (Hoversten Decl., *id*.) Consequently, CMW is not a citizen of

6    the state of California. *See* 28 U.S.C. § 1332(c)(1).

7        14.    TTC is a corporation formed and organized under the laws of the state of Delaware.

8    (Hoversten Decl., ¶ 4.) TTC's headquarters—which is its principal place of business and the center

9    of its executive and administrative functions—is in Bloomington, Minnesota. (Hoversten Decl., *id*.)

10    As such, TTC is not a citizen of the state of California. *See* 28 U.S.C. § 1332(c)(1).

11        15.    The citizenship of "Doe" defendants is disregarded for purposes of removal. 28

12    U.S.C. § 1441(b)(1).

13        **B.    CAFA's Class Size Requirement is Satisfied**

14        16.    Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382 on

15    behalf of subclasses (collectively defined as the "Class"), including persons that fall within this

16    category:

17        All California citizens currently or formerly employed by Defendants as misclassified

18        exempt employees and/or non-exempt employees in the State of California at any

19        time between October 3, 2018 and the date of class certification ('Class')."

20        (Complaint, ¶ 20.)[1]

21        17.    From October 3, 2018 through the date of this Notice of Removal, Defendants

22    employed, in the aggregate, at least 642 employees in the putative class. (Rein Decl. ¶ 3.)[2] Thus,

23    

24    [1] Plaintiff alleges the statute of limitations was tolled between April 6, 2020 and October 1, 2020, pursuant to California Rules of Court, Appendix I, Emergency Rule No. 9. In alleging the amount

25    in controversy for purposes of CAFA removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, that the statute of limitations was tolled, or that Plaintiff

26    is entitled to any of the monetary relief requested in the Complaint. Nor do Defendants concede that any or all putative class members are entitled to any recovery in this case, or are appropriately

27    included in the Action.

28    [2] There likely are additional putative class members; however, as of this Notice of Removal, there are at least 642 confirmed putative class members based on Defendants' review of their business records within the limited timeframe in which to remove.

1    CAFA's size requirement is satisfied.

2    **C.    CAFA's Requisite $5 Million Amount in Controversy is Satisfied**

3    18.    CAFA authorizes the removal of class action cases in which the amount in

4    controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

5    19.    Under CAFA, the "District Court [must] determine whether it has jurisdiction by

6    adding up the value of the claim of each person who falls within the definition of [a plaintiff's]

7    proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins.*

8    *Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).  Courts look to the allegations in the complaint in

9    determining the amount in controversy under CAFA.  *LaCross v. Knight Trans. Inc*., 775 F.3d

10   1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in

11   controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court

12   accepts the allegations contained in the complaint as true and assumes the jury will return a verdict

13   in the plaintiff's favor on every claim". *Henry v. Central Freight Lines, Inc*., 692 F. App'x 806,

14   (9th Cir. 2017). To establish the amount in controversy, a defendant "need not concede liability for

15   the entire amount," and it is error for a district court to require such a showing. *Lewis v. Verizon*

16   *Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010).

17   20.    The Ninth Circuit has noted that "a removing defendant's notice of removal 'need

18   not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements."

19   *Arias, supra*, 935 F.3d at 922 (citing *Ibarra v. Manheim Invs., Inc*., 775 F.3d 1193, 1197 (9th Cir.

20   2015)).  In assessing the amount in controversy, a removing defendant may rely on a chain of

21   reasoning that includes assumptions.  *Id*. at 925.  Assumptions are reasonable if they are founded

22   on the allegations of the complaint.  *Id*.

23   21.    Plaintiff alleges that Defendants failed to fully compensate him and other persons

24   who worked for Defendants, including failure to pay proper minimum wage and overtime, failure

25   to provide meal periods, and failure to provide rest breaks.  (Complaint, ¶ 4.(a)-(c).)  Plaintiff also

26   seeks the recovery of penalties for waiting time penalties, itemized wage statement penalties, and

27   unreimbursed business expenses on behalf of himself and the putative class.  (*Id*. at ¶ 4(d)-(g).)  As

28   to all the foregoing claims, Plaintiff alleges "Defendants' policies and practices violated state law."

(*Id.* at ¶ 100.) The Complaint, on its face, satisfies the $5 million threshold for CAFA removal. *See* 28 U.S.C. § 1332(d). As set forth and described in more detail below, the amount in controversy is at least **$13,579,836.**

### D. Relevant Putative Class Data

22. Plaintiff seeks to certify a single class from October 3, 2018 to the present. From October 3, 2018 to the Notice of Removal, Defendants employed, in the aggregate, at least 642 employees in California who worked approximately 88,420 workweeks. (Rein Decl. ¶ .) Those employees had an average hourly rate of approximately $20.86. (*Id.*)

23. From October 3, 2019 to the Notice of Removal, Defendants separated employment with approximately 229 employees in California, and their average hourly rate was approximately $19.04. (Rein Decl., ¶ 4.)

24. Plaintiff and other members of the putative class worked regularly scheduled shifts of eight hours, five days per week. (Rein Decl., ¶ 3.)

25. From October 3, 2021 to the Notice of Removal, Defendants issued at least 17,163 wage statements to at least 541 employees in California. (Rein Decl., ¶ 5.)

### E. Unpaid Minimum Wages

26. Plaintiff's First Cause of Action alleges Defendants "failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197." (Complaint at ¶ 41.) Plaintiff alleges that "[i]n violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time." (Complaint at ¶ 29.) Plaintiff has asserted UCL claim for restitution with respect to the alleged unpaid minimum wages (Complaint at ¶ 100), rendering a four-year statute of limitations applicable. Cal. Bus. & Prof. Code § 17208. Under the UCL, an individual may recover unlawfully withheld wages as a form of restitution. *Cortez v. Purolator Air Filtration Prods. Co*., 23 Cal.4th 163, 173 (2000).

27. While Plaintiff does not provide a clear number of minimum wage violations alleged, applying a weekly hour violation rate has been accepted by the federal courts as a reasonable and conservative figure where the plaintiff fails to provide specific allegations

1   concerning the frequency of which he worked without being provided the requisite minimum wage

2   compensation. *See, e.g.*, *Cabrera v South Valley Almond Co*., No. 1:21-CV-00748-AWI-JLT, 2021

3   WL 5937585, at *8 (E.D. Cal. Dec. 16, 2021) (assumption of one hour of unpaid minimum wages

4   reasonable where alleged violations at issue due to policies and/or practices).

5       28.    Based on a review of Defendants' business records relating to the putative class

6   members, Defendants employed 642 employees in California who worked approximately 88,420

7   workweeks, and earned approximately $20.86 per hour on average. (Rein Decl. ¶ 3.) For purposes

8   of this removal, Defendants conservatively assume each putative class member was owed one hour

9   of unpaid minimum wage for each week they worked for a total of 88,420 minimum wage hours at

10  issue in this case. Based on this assumption, the amount in controversy for unpaid the minimum

11  wage claim is **$1,844,863.**  This figure is calculated as follows: $20.86 (average hourly wage) x 1

12  hour (number of hours of unpaid minimum wages per week) x 88,420 (total number of weeks for

13  which the entire putative class was employed). Additionally, Defendants' calculation of the amount

14  in controversy for this claim is conservative in that it does not include liquidated damages under

15  California Labor Code section 1194.2. (*See* Complaint at ¶ 43.)

16      **F.     Unpaid Overtime Wages**

17      29.    Plaintiffs Second Cause of Action alleges Defendants "failed to pay Plaintiff and

18  Class Members overtime wages for all overtime hours worked" and that "[t]o the extent those

19  hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid

20  proper overtime wages." (Complaint at ¶ 52.) Plaintiff further alleges "Defendants knowingly and

21  willfully refused to perform their obligations and compensate Plaintiff and Class Members for all

22  wages earned and all hours worked." (*Id*.) Plaintiff has asserted a UCL claim for restitution with

23  respect to the alleged unpaid overtime, rendering a four-year statute of limitations applicable to

24  Plaintiff's claim. (Complaint at ¶ 100.)

25      30.    While Plaintiff does not provide a clear number of overtime violations alleged,

26  applying a weekly hour violation rate has been accepted by the federal courts as a reasonable and

27  conservative figure where the plaintiff fails to provide specific allegations concerning the

28  frequency of which he worked overtime without being provided the requisite compensation. *See,*

*e.g.*, *Cabrera*, 2021 WL 5937585, at *8 (assumption of one hour of unpaid overtime wages reasonable where alleged violations at issue were to policies and/or practices); *Jasso v. Money Mart Express, Inc*., No. 11-CV-5500-YGR, 2012 WL 699465, at *5-6 (N.D. Cal. Mar. 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy").

31.     Based on a review of Defendants' business records relating to the putative class members, Defendants employed 642 employees in California who worked approximately 88,420 workweeks, and earned approximately $20.86 per hour on average. (Rein Decl. ¶ 3.) Because employees can earn overtime compensation at time-and-a-half their regular hourly rate, an employee earning $20.86 an hour would earn $31.29 for each overtime hour worked. *See* Cal. Lab. Code Section 510. For purposes of this removal, Defendants conservatively assume each putative class member was owed one hour of overtime per week for which they failed to receive overtime wages. Based on this assumption, the amount in controversy for unpaid the overtime claim is **$2,766,295.**  This figure is calculated as follows: $31.29 (overtime premium wage rate based on average hourly wage of $20.86) x 1 hour (number of overtime hours per week) x 88,420 (total number of weeks for which the entire putative class was employed).

### G.    Meal Periods

32.     Plaintiff's Third Cause of Action alleges that Defendants failed to provide Plaintiff and members of the putative class with meal periods and failed to pay them premium wages. (Complaint at ¶¶ 61-63.) Plaintiff alleges that "Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period." (*Id*., ¶ 61.) Plaintiff further alleges "[a]t all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order." (*Id*., ¶ 63.) Plaintiff has asserted a UCL claim for restitution with respect to the alleged meal period violations, rendering a four-year statute of limitations applicable to Plaintiff's claim. (Complaint at ¶ 100.)

/ / / /

33.     When determining the amount placed in controversy by a plaintiff's allegations regarding a common policy or practice of meal period violations, a 20% violation rate (*i.e.*, one meal period violation per week) that is uniformly applied across all members of the putative class is both reasonable and conservative. *See, e.g.*, *Cabrera*, 2021 WL 5937585 at *6 (assumption of one violation per week reasonable where complaint alleged that violations occurred "at times"); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-CV-00719-NC, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (same); *Mendoza v. Savage Servs. Corp.*, No. 2:19-CV-00122-RGK-MAA, 2019 WL 1260629, at *2, (C.D. Cal. Mar. 19, 2019) ("When a defendant's calculation lacks factual support, courts in this district routinely apply a 20% violation rate – that is, one missed meal and rest period per work week – for meal and rest period premiums").

34.     Based on a review of Defendants' business records relating to the putative class members, Defendants employed 642 employees in California who worked approximately 88,420 workweeks, and earned approximately $20.86 per hour on average. (Rein Decl., ¶ 3.) For purposes of this removal, Defendants conservatively assume one meal period violation as to each week a putative class member worked for a total of 88,420 meal period violations in this case. Based on this assumption, the amount in controversy for the meal period claim is **$1,844,863.**  This figure is calculated as follows: $20.86 (average hourly wage) x 1 one non-compliant meal period per week x 88,420 (total number of weeks for which the entire putative class was employed).

**H.     Rest Periods**

35.     Plaintiff's Fourth Cause of Action alleges that Defendants failed to provide Plaintiff and members of the putative class with rest breaks and failed to pay them premium wages. (Complaint at ¶¶ 68-71.) Plaintiff alleges that "[d]uring the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods." (*Id.*, ¶ 68.) Plaintiff further alleges "[a]t all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order." (*Id.*, ¶ 70.) Plaintiff has asserted a

1  UCL claim for restitution with respect to the alleged rest period violations, rendering a four-year

2  statute of limitations applicable to Plaintiff's claim. (*Id*. at ¶ 100.)

3       36.    When determining the amount placed in controversy by a plaintiff's allegations

4  regarding a common policy or practice of meal period violations, a 20% violation rate (*i.e*., one

5  meal period violation per week) that is uniformly applied across all members of the putative class

6  is both reasonable and conservative. *See, e.g., Cabrera*, 2021 WL 5937585 at *6 (assumption of

7  one violation per week reasonable where complaint alleged that violations occurred "at times");

8  *Mendoza*, 2019 WL 1260629, at *2, (C.D. Cal. Mar. 19, 2019) ("When a defendant's calculation

9  lacks factual support, courts in this district routinely apply a 20% violation rate – that is, one

10  missed meal and rest period per work week – for meal and rest period premiums").

11       37.    Based on a review of Defendants' business records relating to the putative class

12  members, Defendants employed 642 employees in California who worked approximately 88,420

13  workweeks, and earned approximately $20.86 per hour on average. (Rein Decl., ¶ 3.) For purposes

14  of this removal, Defendants conservatively assume one rest period violation as to each week a

15  putative class member worked for a total of 88,420 rest period violations in this case. Based on this

16  assumption, the amount in controversy for the meal period claim is **$1,844,863.**  This figure is

17  calculated as follows: $20.86 (average hourly wage) x 1 one non-compliant rest period per week x

18  88,420 (total number of weeks for which the entire putative class was employed).

19      **I.**    **Wage Statements**

20       38.    Plaintiff's Sixth Cause of Action alleges Plaintiff alleges "Defendants have

21  knowingly and intentionally failed to comply with Labor Code section 226(a) on wage statements

22  that were provided to Plaintiff and Class Members. The deficiencies include, among other things,

23  the failure to correctly state the gross and net wages earned, total hours worked, all applicable

24  hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class

25  Members." (Complaint, ¶ 82.) Plaintiff further alleges Plaintiff and the members of each Class are

26  each entitled to recover penalties pursuant to 226(e) of the Labor Code. (*Id*., ¶¶ 83-84.)

27       39.    A one-year statutory period applies to Plaintiff's claim for wage statement penalties.

28  Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hosp. Los Angeles*, 237 Cal.App.4th 1454, 1469

(2015). Labor Code Section 226(e) provides for the greater of all actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each subsequent pay period in which a violation occurred, up to $4,000.00 per putative class member. Lab. Code § 226(e).

40.    Based on a review of Defendants' business records relating to the putative class members, from October 3, 2021 to the present, Defendants issued at least 17,163 wage statements to at least 541 employees in California. (Rein Decl., ¶ 4.)

41.    Given there are a number of claims in the Complaint that could potentially trigger a wage statement penalty, such as alleged minimum wage and overtime violations and meal and rest period violations, assuming that in any pay period from October 3, 2021 to the Notice of Removal a wage statement penalty could be triggered, the amount in controversy due to alleged wage statement violations is **$1,515,300.**

### J.    Waiting Time Penalties

42.    Plaintiff's Eighth Cause of Action alleges "[d]uring the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ." (Complaint ¶ 93.) Plaintiff further alleges that "[p]ursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days."

43.    A three-year statutory period applies to Plaintiff's claim for waiting time penalties. *Pineda v. Bank of Am., N.A.* (2010) 50 Cal.4th 1389, 1398.

44.    Because Plaintiff alleges that the unpaid wages were the result of systemic and consistent illegal practices, it is reasonable to calculate the amount in controversy for this claim based on a 30-day penalty calculated at each former employee's daily wage rate.  *See Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding that the defendants' waiting time penalties calculation was "supported by Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that the defendants "regularly required" putative class members to work off-the-

clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc*., No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for the defendant to assume, in light of plaintiff's allegation that members of the putative class "routinely" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty").

45.     As set forth in *Bolton v. U.S. Nursing Corp*., 2012 WL 529738, at *5 (N.D. Cal. Oct 23, 2012), an employer may establish the amount in controversy for a waiting time penalty claim pursuant to California Labor Code Section 203 by: (1) assessing a minimum hourly rate based on the regular rate applicable to the putative class; (2) multiplying the hourly rate by the average hours worked per shift; (3) multiplying that number by the number of days in the waiting time period; and (4) multiplying that number by the number of terminated putative class members.

46.     Based on a review of Defendant's available employment data, approximately 229 putative class members were identified as terminated from October 3, 2019 through this Notice of Removal, and their average hourly rate was $19.04 (Rein Decl., ¶ 4.) Putative class members regularly worked 8 hour shifts. (*Id*., ¶ 3.) Given there are a number of causes of action in the Complaint that could potentially trigger a waiting time penalty, assuming each terminated putative class member would have at least on instance that would trigger the waiting time penalty, and further assuming that each putative class member worked 8 hours per day and calculating 30 days at the average hourly rate of $19.04, the total estimated potential waiting time penalties in controversy amount to at least **$1,046,683**. This is calculated at $19.04 per hour x 8 hours x 30 days x 229 terminated putative class members.

### K.    Further Data

47.     For purposes of this removal, the above calculations are more than sufficient to support the required $5 million threshold amount in controversy. Plaintiff further alleges that Defendants failed to reimburse him and putative class members for necessary business expenses (Complaint, ¶¶ 72-79.) To the extent that Plaintiff is alleging that Defendants failed to reimburse

him and putative class members for such business-related expenses (*e.g.*, cell phone use and expenses associated with working from home such as home internet and office items), there is an ever greater amount in controversy. *See, e.g., Vallejo v. Sterigenics U.S., LLC,* No. 320CV01788AJBAHG, 2021 WL 2685348, at *6 (S.D. Cal. June 29, 2021) (approving Defendant's assumption that each employee incurred only cell phone expenses of $25 per month, or $300 per year, where the Plaintiff provided no details regarding the total expenses). Further, Plaintiff seeks recovery on behalf of his proposed class for recovery of damages and penalties under his Seventh Cause of Action for failure to pay timely during employment. (Complaint, ¶¶ 72-79.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

**L.    Attorney Fees**

48.    Based on the above, Defendants demonstrated there is at least **$10,863,868** in controversy ($1,844,863 in alleged unpaid minimum wages + $2,767,295 in alleged unpaid overtime wages + $1,844,863 in unpaid meal period premium pay + $1,844,863 in unpaid rest period premium pay + $1,515,300 in wage statement penalties + $1,046,683 in waiting time penalties = $10,863,868).

49.    Plaintiff also seeks to recover attorneys' fees in connection with the above claims. (Complaint – Prayer for Relief, ¶ 13.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F.App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id*. (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV160105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Sanchez v. Russell Sigler, Inc*., No. CV-1501350ABPLAX, 2015 WL 12765359, at *7 (C.D. Cal. Apr. 28, 2015) (same). "[W]hen a statute or contract provides for the recovery of attorney fees, prospective attorney fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott, supra*, 936 F.3d at 922 (citing *Fritsch*

1  *v. Swift Transp. Co. of Ariz., LLC*, 889 F.3d 785, 794 (9th Cir. 2018).

2      50.     Assuming an award of attorney fees in the benchmark amount of 25% of the total

3  recovery, the amount in controversy for such fees is $2,715,967 ($10,863,868 x .25 = $2,715,967).

4  **IV.      THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1146 ARE SATISFIED**

5      51.     In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the

6  District in which the action is pending. The Superior Court of the State of California for the County

7  of Sonoma is located within the Northern District of California. Therefore, venue is proper in this

8  Court because it is the "district and division embracing the place where such action is pending." 28

9  U.S.C. § 1446(a).

10     52.     Pursuant to Local Rule 3-2(d), Removal and Intradistrict Assignment to the San

11  Francisco Division or Oakland Division of this Court is proper because the acts alleged in

12  Plaintiff's Complaint arose in the County of Sonoma.

13     53.     Under 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the

14  Declaration of Carolyn B. Hall, and Exhibits A and B, which constitute a copy of all processes,

15  pleadings, and orders provided to Defendants. Hall Decl. ¶¶ 2 - 4.)

16     54.     As required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), this

17  Notice of Removal was timely filed as Plaintiff served his Complaint on April 27, 2023. (Hall

18  Decl., ¶ 2.)

19     55.     As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being

20  served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of

21  California for the County of Sonoma.  Notice of compliance shall be filed promptly afterwards

22  with this Court.

23     56.     If this Court has a question regarding the propriety of this Notice of Removal,

24  Defendants request it issue an Order to Show Cause so it may have an opportunity to more fully

25  brief the grounds for this removal.

26  / / / /

27  / / / /

28  / / / /

WHEREFORE, Defendant removes the above-captioned action to the United States District Court for the Northern District of California.

DATED:  May 26, 2023                      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC


By:  /s/ Carolyn B. Hall
                                          THOMAS M. MCINERNEY
                                          CAROLYN B. HALL
                                          Attorneys for Defendants
                                          THE CHARLES MACHINE WORKS, INC. and THE TORO COMPANY

                                          56328300.v4-OGLETREE

# EXHIBIT A

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251
Email:  jcampbell@aegislawfirm.com

Attorneys for Plaintiff Christopher Lee Remillard, individually,
and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| CHRISTOPHER LEE REMILLARD, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE CHARLES MACHINE WORKS, INC.; THE TORO COMPANY; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Minimum Wages;<br><br>2.  Failure to Pay Overtime Wages;<br><br>3.  Failure to Provide Meal Periods;<br><br>4.  Failure to Permit Rest Breaks;<br><br>5.  Failure to Reimburse Business Expenses;<br><br>6.  Failure to Provide Accurate Itemized Wage Statements;<br><br>7.  Failure to Pay Wages Timely During Employment;<br><br>8.  Failure to Pay All Wages Due Upon Separation of Employment; and<br><br>9.  Violation of Business and Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher Lee Remillard, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.    Plaintiff Christopher Lee Remillard ("Plaintiff") brings this putative class action against defendants Supportive Hospice Care Corp, and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as misclassified exempt employees and/or non-exempt employees throughout California.

2.    Defendants provide services or goods throughout California.

3.    Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.    Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a)    failing to pay all wages (including minimum wages and overtime wages);

(b)    failing to provide lawful meal periods or compensation in lieu thereof;

(c)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

(d)    failing to reimburse necessary business-related costs;

(e)    failing to provide accurate itemized wage statements;

(f)    failing to pay wages timely during employment; and

(g)    failing to pay all wages due upon separation of employment.

5.    Plaintiff seeks monetary relief against Defendants on behalf of Plaintiff and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

///

## **JURISDICTION AND VENUE**

6.      This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## **THE PARTIES**

10.      Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11.      Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.      Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

18.     Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20.     Plaintiff's proposed class consists of and is defined as follows:

Class

All California citizens currently or formerly employed by Defendants as misclassified exempt employees and/or non-exempt employees in the State of California at any time between October 3, 2018[1] and the date of class certification ("Class").

21.    Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between October 3, 2019 and the date of class certification ("Waiting Time Subclass").

22.    Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.    Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.    There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)    Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)    Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

(c)     Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)     Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(h)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)     Whether Defendants' conduct was willful or reckless.

(j)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

25.    There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)     <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     <u>Typicality</u>: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

-5-

sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)    Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d)    Superiority: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)    Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

## GENERAL ALLEGATIONS

26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other California residents as misclassified exempt employees and/or non-exempt employees throughout California at Defendants' California business location(s).

27.    Defendants continue to employ misclassified exempt employees and/or non-exempt employees within California.

28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or

indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

36.     Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

**FIRST CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

37.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.     Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

40.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

41.     During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

42.     Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

43.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

**SECOND CAUSE OF ACTION**

**<u>FAILURE TO PAY OVERTIME</u>**

-9-

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

44.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

45.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

46.    Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

47.    The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

48.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

49.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

50.    Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

51.    During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

52.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.    In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### **FAILURE TO PROVIDE MEAL PERIODS**

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

59.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

60.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.     During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

62.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

63.     At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

64.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

65.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-12-

66.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

67.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE BUSINESS EXPENSES</u>**

(Violation of Labor Code §§ 2800, 2802)

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

-13-

74.    Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

75.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

76.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77.    During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

78.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

79.    As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

## SIXTH CAUSE OF ACTION

## **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

80.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following:

-14-

(1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

83.     As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

84.     Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

85.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION

## **FAILURE TO PAY TIMELY DURING EMPLOYMENT**

(Violation of Labor Code §§ 204, 210)

86.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

87.     Pursuant to California Labor Code § 204, employees must be paid within a certain number of days of the close of the pay period.

88.     During the relevant time period, Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period.

89.     Such a pattern, practice and uniform administration of corporate policy regarding timely payment of wages as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 210.

90.     As a direct and proximate cause of these violations, Class Members have been damaged, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

1    **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

2    (Violation of Labor Code §§ 201, 202, and 203)

3    91.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

4    though fully set forth herein.

5    92.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

6    the wages earned and unpaid at the time of discharge are due and payable immediately, and that

7    if an employee voluntarily leaves his or her employment, his or her wages shall become due and

8    payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

9    two (72) hours previous notice of an intention to quit, in which case the employee is entitled to

10   his or her wages at the time of quitting.

11   93.    During the relevant time period, Defendants willfully failed to pay the Waiting

12   Time Subclass all their earned wages upon termination, either at the time of discharge or within

13   seventy-two (72) hours of their leaving Defendants' employ.

14   94.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at the

15   time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in

16   violation of Labor Code §§ 201 and 202.

17   95.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed

18   immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then

19   the wages of the employee shall continue as a penalty from the due date at the same rate until

20   paid or until an action is commenced; but the wages shall not continue for more than thirty (30)

21   days.

22   96.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

23   from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members'

24   regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a

25   maximum of thirty (30) days.

26   **NINTH CAUSE OF ACTION**

27   **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

28   (Violation of Business and Professions Code §§ 17200, *et seq.*)

-17-

97.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

98.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

99.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

100.    Defendants' policies and practices violated state law in at least the following respects:

(a)    Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

(b)    Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c)    Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d)    Failing to reimburse Plaintiff and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.

(e)    Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(f)    Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

-18-

101.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

102.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

103.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

104.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

105.    As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

106.    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

-19-

1.      For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2.      For appointment of Christopher Lee Remillard as class representative;

3.      For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof at trial;

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For liquidated damages pursuant to Labor Code § 1194.2;

8.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14.     For such other relief as the Court deems just and proper.

Dated: March 30, 2023                    **AEGIS LAW FIRM, PC**

By: _____
    Jessica L. Campbell
    Attorneys for Plaintiff

///

-20-

1

2                    **<u>DEMAND FOR JURY TRIAL</u>**

3       Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

4

5 Dated: March 30, 2023                **AEGIS LAW FIRM, PC**

6

7                      By: _____

8                          Jessica L. Campbell
                         Attorneys for Plaintiff Christopher Lee Remillard

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

 Computershare

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

04/28/2023

The Charles Machine Works, Inc.
Vanessa   Mason
The Toro Company
8111 Lyndale Avenue South
Bloomington MN 55420

# SERVICE OF PROCESS NOTICE

Item: 2023-86

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | The Charles Machine Works, Inc. |
|---|---|---|
| 2. | Title of Action: | Christopher Lee Remillard vs. The Charles Machine Works, et al. |
| 3. | Document(s) Served: | Summons<br>Class Action Complaint<br>Notice of Assignment to One Judge for All Purposes, etc.<br>Civil Case Cover Sheet |
| 4. | Court/Agency: | Sonoma County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | SCV-272966 |
| 7. | Case Type: | Violation of Labor Code / Violation of IWC |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 04/27/2023 |
| 10. | Date to Client: | Friday 04/28/2023 |
| 11. | # Days When Answer Due: Answer Due Date: | See Notes    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Jessica L. Campbell<br>Irvine, CA<br>949-379-6250 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Please review the enclosed documents in order to calculate the response due date.<br>Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br/>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE CHARLES MACHINE WORKS, INC.; THE TORO COMPANY;
and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER LEE REMILLARD, individually and on behalf of all
others similarly situated,

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**3/30/2023 3:41 PM**
**By: Misty Aguillon, Deputy Clerk**

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso)* SCV-272966

Superior Court of the State of California, County of Sonoma
600 Administration Drive, Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., # 100, Irvine, CA 92618, 949.379.6250

| DATE: 3/30/2023 3:41 PM | Robert Oliver | Clerk, by | /s/ Misty Aguillon | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
   The Charles Machine Works, Inc
3. ☒ on behalf of *(specify)*:

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 4-27-23

**Page 1 of 1**

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

Attorneys for Plaintiff Christopher Lee Remillard, individually,
and on behalf of all others similarly situated.

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
3/30/2023 3:41 PM
By: Misty Aguillon, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| CHRISTOPHER LEE REMILLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARLES MACHINE WORKS, INC.; THE TORO COMPANY; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.   SCV-272966<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br><br>2. Failure to Pay Overtime Wages;<br><br>3. Failure to Provide Meal Periods;<br><br>4. Failure to Permit Rest Breaks;<br><br>5. Failure to Reimburse Business Expenses;<br><br>6. Failure to Provide Accurate Itemized Wage Statements;<br><br>7. Failure to Pay Wages Timely During Employment;<br><br>8. Failure to Pay All Wages Due Upon Separation of Employment; and<br><br>9. Violation of Business and Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Christopher Lee Remillard, individually and on behalf of others similarly

2  situated, alleges as follows:

3              **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4      1.     Plaintiff Christopher Lee Remillard ("Plaintiff") brings this putative class action

5  against defendants Supportive Hospice Care Corp, and DOES 1 through 20, inclusive

6  (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of

7  California citizens who are and were employed by Defendants as misclassified exempt

8  employees and/or non-exempt employees throughout California.

9      2.     Defendants provide services or goods throughout California.

10     3.     Through this action, Plaintiff alleges that Defendants engaged in a systematic

11  pattern of wage and hour violations under the California Labor Code and Industrial Welfare

12  Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair

13  competition.

14     4.     Plaintiff is informed and believe, and thereon alleges, that Defendants have

15  increased their profits by violating state wage and hour laws by, among other things:

16          (a)    failing to pay all wages (including minimum wages and overtime wages);

17          (b)    failing to provide lawful meal periods or compensation in lieu thereof;

18          (c)    failing to authorize or permit lawful rest breaks or provide compensation

19                 in lieu thereof;

20          (d)    failing to reimburse necessary business-related costs;

21          (e)    failing to provide accurate itemized wage statements;

22          (f)    failing to pay wages timely during employment; and

23          (g)    failing to pay all wages due upon separation of employment.

24     5.     Plaintiff seeks monetary relief against Defendants on behalf of Plaintiff and all

25  others similarly situated in California to recover, among other things, unpaid wages, un-

26  reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and

27  penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12,

28  1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

-1-

/// 

## JURISDICTION AND VENUE

6.     This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.     This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.     Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.     Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

1       13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20

2    are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at

3    all relevant times.

4       14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted

5    in all respects pertinent to this action as the agent of the other defendant, carried out a joint

6    scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant

7    are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the

8    employer and/or joint employer of Plaintiff and the class members.

9       15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

10   and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES

11   1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the

12   other's behalf. The acts of any and all Defendants were in accordance with, and represent, the

13   official policy of Defendants.

14      16.     At all relevant times, Defendants, and each of them, acted within the scope of

15   such agency or employment, or ratified each and every act or omission complained of herein. At

16   all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

17   each and all the other Defendants in proximately causing the damages herein alleged.

18      17.     Plaintiff is informed and believes, and thereon alleges, that each of said

19   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

20   omissions, occurrences, and transactions alleged herein.

21                           **CLASS ACTION ALLEGATIONS**

22      18.     Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own

23   behalf and on behalf of all others similarly situated who were affected by Defendants' Labor

24   Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

25      19.     All claims alleged herein arise under California law for which Plaintiff seeks

26   relief authorized by California law.

27      20.     Plaintiff's proposed class consists of and is defined as follows:

28

Class

All California citizens currently or formerly employed by Defendants as misclassified exempt employees and/or non-exempt employees in the State of California at any time between October 3, 2018[1] and the date of class certification ("Class").

21.  Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between October 3, 2019 and the date of class certification ("Waiting Time Subclass").

22.  Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.  Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.  There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)  Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)  Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

(c)     Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)     Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(h)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)     Whether Defendants' conduct was willful or reckless.

(j)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

25.     There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)     Numerosity: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)     Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

-5-

1    sustained by the Class Members, because they arise out of and are caused by Defendants'

2    common course of conduct as alleged herein.

3            (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

4    interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims

5    alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed

6    class counsel, are competent and experienced in litigating large employment class actions and

7    versed in the rules governing class action discovery, certification, and settlement. Plaintiff has

8    incurred and, throughout the duration of this action, will continue to incur attorneys' fees and

9    costs that have been and will be necessarily expended for the prosecution of this action for the

10   substantial benefit of the Class Members.

11           (d)    Superiority: The nature of this action makes use of class action

12   adjudication superior to other methods. A class action will achieve economies of time, effort, and

13   expense as compared with separate lawsuits and will avoid inconsistent outcomes because the

14   same issues can be adjudicated in the same manner for the entire Class and Waiting Time

15   Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods

16   to efficiently manage this case as a class action.

17           (e)    Public Policy Considerations: Employers in the State of California violate

18   employment and labor laws every day. Current employees are often afraid to assert their rights

19   out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

20   because they believe their former employers might damage their future endeavors through

21   negative references and/or other means. Class actions provide class members who are not named

22   in the complaint with a type of anonymity that allows for the vindication of their rights while

23   affording them privacy protections.

24   **GENERAL ALLEGATIONS**

25       26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

26   California residents as misclassified exempt employees and/or non-exempt employees

27   throughout California at Defendants' California business location(s).

28

27.     Defendants continue to employ misclassified exempt employees and/or non-exempt employees within California.

28.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or

-7-

indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

36.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

37.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.    Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

40.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

41.    During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

42.    Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

43.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME

-9-

1    (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

2        44.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

3    though fully set forth herein.

4        45.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is

5    unlawful to employ persons without compensating them at a rate of pay either one and one-half

6    (1½) or two (2) times the person's regular rate of pay, depending on the number of hours

7    worked by the person on a daily or weekly basis.

8        46.    Specifically, the applicable IWC Wage Orders provide that Defendants are and

9    were required to pay overtime compensation to Plaintiff and Class Members at the rate of one

10   and one-half times (1½) their regular rate of pay when working and for all hours worked in

11   excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first

12   eight (8) hours of work on the seventh day of work in a workweek.

13       47.    The applicable IWC Wage Orders further provide that Defendants are and were

14   required to pay overtime compensation to Plaintiff and Class Members at a rate of two times

15   their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in

16   a day or in excess of eight (8) hours on the seventh day of work in a workweek.

17       48.    California Labor Code § 510 codifies the right to overtime compensation at one

18   and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a

19   day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh

20   consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

21   worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

22   seventh day of work in a workweek.

23       49.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment

24   of more than six days in a workweek is only permissible if the employer pays proper overtime

25   compensation as set forth herein.

26       50.    Plaintiff and Class Members were employees entitled to the protections of

27   California Labor Code §§ 510 and 1194.

28

-10-

51.     During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

52.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.     In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

-11-

1    59.    Labor Code § 512(a) provides that an employer may not require, cause, or permit

2    an employee to work for a period of more than five (5) hours per day without providing the

3    employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

4    the total work period per day of the employee is not more than six (6) hours, the meal period may

5    be waived by mutual consent of both the employer and the employee.

6    60.    Labor Code § 512(a) also provides that an employer may not employ an employee

7    for a work period of more than ten (10) hours per day without providing the employee with a

8    second meal period of not less than thirty (30) minutes, except that if the total hours worked is no

9    more than twelve (12) hours, the second meal period may be waived by mutual consent of the

10   employer and the employee only if the first meal period was not waived.

11   61.    During the relevant time period, Plaintiff and Class Members did not receive

12   compliant meal periods for working more than five (5) and ten (10) hours per day because their

13   meal periods were missed, late, short, interrupted, and/or they were not permitted to take a

14   second meal period.

15   62.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

16   an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

17   compensation for each work day that a compliant meal period is not provided.

18   63.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal

19   period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)

20   and section 11 of the applicable IWC Wage Order.

21   64.    As a result of Defendants' failure to pay Plaintiff and Class Members an

22   additional hour of pay for each day a compliant meal period was not provided, Plaintiff and

23   Class Members suffered and continue to suffer a loss of wages and compensation.

24                        **FOURTH CAUSE OF ACTION**

25                        **FAILURE TO PERMIT REST BREAKS**

26          (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

27   65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28   though fully set forth herein.

-12-

1    66.    Labor Code § 226.7(a) provides that no employer shall require an employee to

2    work during any rest period mandated by the IWC Wage Orders.

3    67.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall

4    authorize and permit all employees to take rest periods, which insofar as practicable shall be in

5    the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

6    total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

7    fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

8    68.    During the relevant time period, Plaintiff and Class Members did not receive a ten

9    (10) minute rest period for every four (4) hours or major fraction thereof worked, including

10    working in excess of ten (10) hours in a day, because they were required to work through their

11    rest periods and/or were not authorized to take their rest periods.

12    69.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires

13    an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

14    compensation for each work day that a compliant rest period is not provided.

15    70.    At all relevant times, Defendants failed to pay Plaintiff and Class Members rest

16    period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code §

17    226.7(b) and section 12 of the applicable IWC Wage Order.

18    71.    As a result of Defendants' failure to pay Plaintiff and Class Members an

19    additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class

20    Members suffered and continue to suffer a loss of wages and compensation.

21    **FIFTH CAUSE OF ACTION**

22    **FAILURE TO REIMBURSE BUSINESS EXPENSES**

23    (Violation of Labor Code §§ 2800, 2802)

24    72.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

25    though fully set forth herein.

26    73.    Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his

27    employee for losses caused by the employer's want of ordinary care."

28

-13-

74.    Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

75.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

76.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77.    During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

78.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

79.    As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code § 226; Violation of IWC Wage Order)

80.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following:

-14-

(1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

83.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

-15-

1         84.    Plaintiff and Class Members are entitled to recover from Defendants the greater of

2    all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty

3    dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

4    ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding

5    four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

6         85.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

7    Class Members from knowing, understanding, and disputing the wages paid to them and resulted

8    in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

9    intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members

10    have suffered an injury, in the exact amount of damages and/or penalties to be shown according

11    to proof at trial.

12    **SEVENTH CAUSE OF ACTION**

13    **FAILURE TO PAY TIMELY DURING EMPLOYMENT**

14    (Violation of Labor Code §§ 204, 210)

15         86.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

16    though fully set forth herein.

17         87.    Pursuant to California Labor Code § 204, employees must be paid within a certain

18    number of days of the close of the pay period.

19         88.    During the relevant time period, Defendants failed to timely pay Plaintiffs and

20    Class Members wages earned during the pay period.

21         89.    Such a pattern, practice and uniform administration of corporate policy regarding

22    timely payment of wages as described herein is unlawful and creates an entitlement to recovery

23    by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed,

24    including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of

25    California Labor Code § 210.

26         90.    As a direct and proximate cause of these violations, Class Members have been

27    damaged, in an amount to be determined at trial.

28    **EIGHTH CAUSE OF ACTION**

-16-

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

91.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

92.     Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

93.     During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

94.     Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

95.     Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

96.     Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

(Violation of Business and Professions Code §§ 17200, *et seq.*)

-17-

1    97.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

2    though fully set forth herein.

3    98.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of

4    unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . .

5    . ."

6    99.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may

7    be predicated on a violation of any state or federal law. In the instant case, Defendants' policies

8    and practices violated state law, causing Plaintiff and Class Members to suffer and continue to

9    suffer injuries-in-fact.

10   100.    Defendants' policies and practices violated state law in at least the following

11   respects:

12   (a)    Failing to pay all wages earned (including minimum wage and overtime

13   wages) to Plaintiff and Class Members at the proper rate and in a timely

14   manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

15   (b)    Failing to provide compliant meal periods without paying Plaintiff and

16   Class Members premium wages for every day said meal periods were not

17   provided in violation of Labor Code §§ 226.7 and 512.

18   (c)    Failing to authorize or permit compliant rest breaks without paying

19   Plaintiff and Class Members premium wages for every day said rest

20   breaks were not authorized or permitted in violation of Labor Code §

21   226.7.

22   (d)    Failing to reimburse Plaintiff and Class Members for necessary business-

23   related expenses in violation of Labor Code §§ 2800 and 2802.

24   (e)    Failing to provide Plaintiff and Class Members with accurate itemized

25   wage statements in violation of Labor Code § 226.

26   (f)    Failing to timely pay all earned wages to the members of the Waiting

27   Time Subclass upon separation of employment in violation of Labor Code

28   §§ 201, 202, and 203.

-18-

101.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

102.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

103.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

104.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

105.    As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

106.    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

-19-

1.      For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2.      For appointment of Christopher Lee Remillard as class representative;

3.      For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof at trial;

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For liquidated damages pursuant to Labor Code § 1194.2;

8.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14.     For such other relief as the Court deems just and proper.

Dated: March 30, 2023                         **AEGIS LAW FIRM, PC**

By: _Jessica L. Campbell_ _____

Jessica L. Campbell
Attorneys for Plaintiff

-20-

///

1

2 **DEMAND FOR JURY TRIAL**

3 Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

4

5 Dated: March 30, 2023                                    **AEGIS LAW FIRM, PC**

6

7 By: _____

8 Jessica L. Campbell
Attorneys for Plaintiff Christopher Lee Remillard

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**F I L E D**<br>4/4/2023<br>Superior Court of California<br>County of Sonoma<br><br>By: _Misty Aguillon_<br>Misty Aguillon, Deputy Clerk |
| Remillard vs The Charles Machine Works, Inc. | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br>SCV-272966 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. CHRISTOPHER M. HONIGSBERG FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date: Tuesday, 08/15/2023 | Time: 3:00 PM | Courtroom 18 |
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

## ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250    FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Christopher Lee Remillard | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**3/30/2023 3:41 PM**<br>**By: Misty Aguillon, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

CASE NAME:
Christopher Lee Remillard v. The Charles Machine Works, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCV-272966 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Nine
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 30, 2023
Jessica L. Campbell
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

APR 2 7 2023

**Computershare**

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

04/28/2023

The Toro Company
Vanessa  Mason
The Toro Company
8111 Lyndale Avenue South
Bloomington MN 55420

# SERVICE OF PROCESS NOTICE

Item: 2023-85

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | The Toro Company |
| 2. | **Title of Action:** | Christopher Lee Remillard vs. The Charles Machine Works, et al. |
| 3. | **Document(s) Served:** | Summons<br>Class Action Complaint<br>Notice of Assignment to One Judge for All Purposes, etc.<br>Civil Case Cover Sheet |
| 4. | **Court/Agency:** | Sonoma County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | SCV-272966 |
| 7. | **Case Type:** | Violation of Labor Code / Violation of IWC |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 04/27/2023 |
| 10. | **Date to Client:** | Friday 04/28/2023 |
| 11. | **# Days When Answer Due: Answer Due Date:** | See Notes <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Jessica L. Campbell<br>Irvine, CA<br>949-379-6250 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date.<br>Please note there are other Due Dates listed in the document |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE CHARLES MACHINE WORKS, INC.; THE TORO COMPANY; and DOES 1 through 20, inclusive,

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**3/30/2023 3:41 PM**
**By: Misty Aguillon, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHRISTOPHER LEE REMILLARD, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso)* SCV-272966 |

Superior Court of the State of California, County of Sonoma
600 Administration Drive, Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, PC, 9811 Irvine Center Dr., # 100, Irvine, CA 92618, 949.379.6250

| DATE: 3/30/2023 3:41 PM | Robert Oliver | Clerk, by | /s/ Misty Aguillon | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* The Toro Company

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 4-11-23

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 {Rev. July 1, 2009} | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**AEGIS LAW FIRM, PC**
SAMUEL A. WONG, State Bar No. 217104
KASHIF HAQUE, State Bar No. 218672
JESSICA L. CAMPBELL, State Bar No. 280626
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile: (949) 379-6251
Email: jcampbell@aegislawfirm.com

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**3/30/2023 3:41 PM**
**By: Misty Aguillon, Deputy Clerk**

Attorneys for Plaintiff Christopher Lee Remillard, individually,
and on behalf of all others similarly situated.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

CHRISTOPHER LEE REMILLARD,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

THE CHARLES MACHINE WORKS,
INC.; THE TORO COMPANY; and DOES
1 through 20, inclusive,

Defendants.

Case No.   SCV-272966

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;

2. Failure to Pay Overtime Wages;

3. Failure to Provide Meal Periods;

4. Failure to Permit Rest Breaks;

5. Failure to Reimburse Business Expenses;

6. Failure to Provide Accurate Itemized Wage Statements;

7. Failure to Pay Wages Timely During Employment;

8. Failure to Pay All Wages Due Upon Separation of Employment; and

9. Violation of Business and Professions Code §§ 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

1    Plaintiff Christopher Lee Remillard, individually and on behalf of others similarly

2  situated, alleges as follows:

3                **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4    1.    Plaintiff Christopher Lee Remillard ("Plaintiff") brings this putative class action

5  against defendants Supportive Hospice Care Corp, and DOES 1 through 20, inclusive

6  (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of

7  California citizens who are and were employed by Defendants as misclassified exempt

8  employees and/or non-exempt employees throughout California.

9    2.    Defendants provide services or goods throughout California.

10    3.    Through this action, Plaintiff alleges that Defendants engaged in a systematic

11  pattern of wage and hour violations under the California Labor Code and Industrial Welfare

12  Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair

13  competition.

14    4.    Plaintiff is informed and believe, and thereon alleges, that Defendants have

15  increased their profits by violating state wage and hour laws by, among other things:

16        (a)    failing to pay all wages (including minimum wages and overtime wages);

17        (b)    failing to provide lawful meal periods or compensation in lieu thereof;

18        (c)    failing to authorize or permit lawful rest breaks or provide compensation

19              in lieu thereof;

20        (d)    failing to reimburse necessary business-related costs;

21        (e)    failing to provide accurate itemized wage statements;

22        (f)    failing to pay wages timely during employment; and

23        (g)    failing to pay all wages due upon separation of employment.

24    5.    Plaintiff seeks monetary relief against Defendants on behalf of Plaintiff and all

25  others similarly situated in California to recover, among other things, unpaid wages, un-

26  reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and

27  penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12,

28  1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

-1-

///

## JURISDICTION AND VENUE

6.      This is a class action pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.      This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.      Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county, and the acts and omissions alleged herein took place in this county.

## THE PARTIES

10.     Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

11.     Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as employers, whose employees were and are engaged throughout this county and the State of California.

12.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

-2-

13.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.    At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20.    Plaintiff's proposed class consists of and is defined as follows:

-3-

Class

All California citizens currently or formerly employed by Defendants as misclassified exempt employees and/or non-exempt employees in the State of California at any time between October 3, 2018[1] and the date of class certification ("Class").

21.    Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between October 3, 2019 and the date of class certification ("Waiting Time Subclass").

22.    Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

23.    Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

24.    There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)    Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)    Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

-4-

(c)    Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d)    Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)    Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)    Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)    Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(h)    Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)    Whether Defendants' conduct was willful or reckless.

(j)    Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*

25.    There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a)    <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    <u>Typicality</u>: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

-5-

1    sustained by the Class Members, because they arise out of and are caused by Defendants'

2    common course of conduct as alleged herein.

3            (c)    Adequacy: Plaintiff will fairly and adequately represent and protect the

4    interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims

5    alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed

6    class counsel, are competent and experienced in litigating large employment class actions and

7    versed in the rules governing class action discovery, certification, and settlement. Plaintiff has

8    incurred and, throughout the duration of this action, will continue to incur attorneys' fees and

9    costs that have been and will be necessarily expended for the prosecution of this action for the

10   substantial benefit of the Class Members.

11           (d)    Superiority: The nature of this action makes use of class action

12   adjudication superior to other methods. A class action will achieve economies of time, effort, and

13   expense as compared with separate lawsuits and will avoid inconsistent outcomes because the

14   same issues can be adjudicated in the same manner for the entire Class and Waiting Time

15   Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods

16   to efficiently manage this case as a class action.

17           (e)    Public Policy Considerations: Employers in the State of California violate

18   employment and labor laws every day. Current employees are often afraid to assert their rights

19   out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

20   because they believe their former employers might damage their future endeavors through

21   negative references and/or other means. Class actions provide class members who are not named

22   in the complaint with a type of anonymity that allows for the vindication of their rights while

23   affording them privacy protections.

24                        **GENERAL ALLEGATIONS**

25   26.    At all relevant times mentioned herein, Defendants employed Plaintiff and other

26   California residents as misclassified exempt employees and/or non-exempt employees

27   throughout California at Defendants' California business location(s).

28

-6-

27.    Defendants continue to employ misclassified exempt employees and/or non-exempt employees within California.

28.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or

-7-

indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

34. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

36.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

37.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

38.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

39.    Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

40.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

41.    During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

42.    Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

43.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

-9-

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

44.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

45.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

46.    Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

47.    The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

48.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

49.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

50.    Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

-10-

51.     During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

52.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

53.     In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

54.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

55.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

56.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

57.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

58.     Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

-11-

59.     Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

60.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

61.     During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

62.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

63.     At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

64.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

65.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-12-

66.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

67.     Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

68.     During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

69.     Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

70.     At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

71.     As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Violation of Labor Code §§ 2800, 2802)

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

74. Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

75. Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

76. Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77. During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

78. In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

79. As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

(Violation of Labor Code § 226; Violation of IWC Wage Order)

80. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

81. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following:

-14-

1   (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate
2   units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all
3   deductions, provided that all deductions made on written orders of the employee may be
4   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for
5   which the employee is paid, (7) the name of the employee and the last four digits of his or her
6   social security number or an employee identification number other than a social security number,
7   (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly
8   rates in effect during the pay period and the corresponding number of hours worked at each
9   hourly rate by the employee.

10      82.    During the relevant time period, Defendants have knowingly and intentionally
11  failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff
12  and Class Members. The deficiencies include, among other things, the failure to correctly state
13  the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the
14  number of hours worked at each hourly rate by Plaintiff and Class Members.

15      83.    As a result of Defendants' knowing and intentional failure to comply with Labor
16  Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-
17  protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury
18  pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §
19  226(a). Plaintiff and Class Members were denied both their legal right to receive, and their
20  protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In
21  addition, because Defendants failed to provide the accurate rates of pay on wage statements,
22  Defendants prevented Plaintiff and Class Members from determining if all hours worked were
23  paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit
24  in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses
25  and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had
26  Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also
27  delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.
28

-15-

84.    Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

85.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY TIMELY DURING EMPLOYMENT

(Violation of Labor Code §§ 204, 210)

86.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

87.    Pursuant to California Labor Code § 204, employees must be paid within a certain number of days of the close of the pay period.

88.    During the relevant time period, Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period.

89.    Such a pattern, practice and uniform administration of corporate policy regarding timely payment of wages as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 210.

90.    As a direct and proximate cause of these violations, Class Members have been damaged, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

-16-

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violation of Labor Code §§ 201, 202, and 203)

91.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

92.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

93.    During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

94.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

95.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

96.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

(Violation of Business and Professions Code §§ 17200, *et seq.*)

-17-

97.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

98.     California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

99.     A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

100.    Defendants' policies and practices violated state law in at least the following respects:

> (a)     Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.
>
> (b)     Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512.
>
> (c)     Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.
>
> (d)     Failing to reimburse Plaintiff and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.
>
> (e)     Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.
>
> (f)     Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

-18-

101.    As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

102.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

103.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

104.    By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq.*

105.    As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

106.    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

-19-

1.      For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass;

2.      For appointment of Christopher Lee Remillard as class representative;

3.      For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof at trial;

5.      For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6.      For economic and/or special damages in an amount according to proof at trial;

7.      For liquidated damages pursuant to Labor Code § 1194.2;

8.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.      For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12.     For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14.     For such other relief as the Court deems just and proper.

Dated: March 30, 2023                    **AEGIS LAW FIRM, PC**

By: _____
    Jessica L. Campbell
    Attorneys for Plaintiff

-20-

///

1
2                          **DEMAND FOR JURY TRIAL**
3       Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.
4
5    Dated: March 30, 2023                    **AEGIS LAW FIRM, PC**
6
7                                        By: _Jessica L. Campbell_____
8                                            Jessica L. Campbell
                                             Attorneys for Plaintiff Christopher Lee Remillard
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                           -21-

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**F I L E D**<br>4/4/2023<br>Superior Court of California<br>County of Sonoma<br><br>By: *Misty Aguillon*<br>Misty Aguillon. Deputy Clerk |

Remillard vs The Charles Machine Works, Inc.

| NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE | Case number:<br><br>SCV-272966 |
|---|---|

### A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. CHRISTOPHER M. HONIGSBERG FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

　　A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date: Tuesday, 08/15/2023 | Time:  3:00 PM | Courtroom 18 |
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

**Pursuant to Local Rule 5.1.C:**

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1:**

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250  FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Christopher Lee Remillard | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**3/30/2023 3:41 PM**<br>**By: Misty Aguillon, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

CASE NAME:
Christopher Lee Remillard v. The Charles Machine Works, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCV-272966 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Nine
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: March 30, 2023
Jessica L. Campbell
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

APR 2 7 2023